IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL GREEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1444-C-BN |
| | § | |
| SIMEON ANDRIS *and all other occupants*, | § § § | |
| | § | |
| Defendants. | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Simeon Andris, proceeding *pro se*, removed to this Court a civil action arising out of an eviction proceeding brought in state court in Dallas County by Plaintiff Michael Green. *See* Dkt. No. 3.

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam R. Cummings. *See* Dkt. No. 1.

After reviewing the Notice of Removal [Dkt. No. 3], in which Defendant asserts that the Court has jurisdiction over this matter based on diversity jurisdiction, *id.* at 1-2, the undersigned *sua sponte* considers whether removal is proper, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction), and, for the reasons below, enters these findings of fact, conclusions of law, and recommendation that the Court should remand this action to the Dallas County Justice Court from which it was

removed.

## Legal Standard and Analysis

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Anderson*, 539 U.S. at 6 (citation and internal quotation marks omitted).

To support removal on this basis, a defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter*, 44 F.3d at 366). A defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim.").[1]

---

[1] *See also id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance." ); *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law

In cases invoking diversity jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). This amount "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

While the Notice of Removal states that "this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1331," Defendant does not allege, much less show, that Plaintiff raised any federal law causes of action or any substantial, disputed question or issue of federal law in its eviction action or that any state law claims are completely preempted by federal law. As a result, Defendant has not established jurisdiction under Section 1331. *See, e.g., Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) (per curiam) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction. Therefore, the district court lacked jurisdiction to allow the removal of the action." (citations omitted)).[2]

---

that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

[2] *Cf. Fed. Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-cv-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) ("Forcible detainer actions do not meet [the well-pleaded

Instead, Defendant alleges this Court has jurisdiction based on complete diversity of citizenship of the parties. *See id*. at 1-2. Defendant correctly argues in the Notice of Removal that "[t]he amount in controversy is the value of the object of the litigation," and then asserts that "[t]he subject property has a current fair market value of $730,813.00 according to the Denton Central Appraisal District." Dkt. No. 1 at 2. But the full value of the subject property is not the object of Plaintiff's forcible detainer action.

> A forcible detainer action only seeks *possession* of property. Ownership of the home is not a matter in controversy in an eviction suit. As one Texas Court of Appeals noted:
>> The primary object of a [forcible entry and detainer or forcible detainer] suit is a recovery of possession. The primary issue is a right to possession. There may be joined in said suit a cause of action to recover delinquent rents payable under the contract if the amount is within the jurisdiction of the justice court. Rule 738, Texas Rules of Civil Procedure. However, this is rent as such and not damages for wrongful withholding of the premises or other benefits accruing to the appellees under the contract.
>
> *Dews v. Floyd*, 413 S.W.2d 800, 805, 413 S.W.2d 800 (Tex. Civ. App. 1967, writ dism'd); *see also Hart v. Keller Props.*, 567 S.W.2d 888, 889, 567 S.W.2d 888 (Tex. Civ. App. 1978) ("The rule is settled that the measure of the lessor's damages for withholding possession pending appeal of the forcible detainer action is the reasonable rental value.").

---

complaint rule's] standard. Plaintiff's Complaint is simply one to evict Defendant and obtain physical possession of the Property under state law. The Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction. The proper court for a forcible detainer action under Texas law is '[a] justice court in the precinct in which the real property is located....' TEX. PROP. CODE ANN. § 24.004 (Vernon 2000). Because the Complaint does not raise a federal issue and no state law claim has been completely preempted by federal law, this court lacks subject matter jurisdiction on this basis to entertain this action."); *U.S. Bank Nat'l Ass'n v. McAfee*, No. 4:12-cv-804-A, 2013 WL 48500, at *1-*2 (N.D. Tex. Jan. 3, 2013) (remanding forcible detainer action under similar circumstances); *Wells Fargo Bank v. Matts*, No. 3:12-cv-4565-L, 2012 WL 6208493, at *4-*5 (N.D. Tex. Dec. 13, 2012) (same).

> Forcible detainer actions are governed by the Texas Property Code and are questions of state, not federal, law. *See* TEX. PROP. CODE ANN. § 24.001, *et seq.*

*U.S. Bank Nat'l Ass'n v. Spence*, No. 4:13CV245, 2013 WL 1856032, at *2 (E.D. Tex. May 1, 2013).

The removing party, the party invoking federal jurisdiction, has therefore also failed to establish jurisdiction under Section 1332 by demonstrating that the object of the state lawsuit exceeds $75,000 in value.

These findings, conclusions and recommendation also serve as notice to Defendant regarding the jurisdictional defects in his removal of this action, and the 14-day objection period gives Defendant the opportunity to, if he can, attempt to cure these defects.

## Recommendation

For the reasons explained above, the Court should *sua sponte* remand this action to the court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 1417 (5th Cir. 1996).

DATED: July 6, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE